UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RONALD S. HOLSTON, JR.,             )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Civil Action No. 12-CV-1536(KBJ)
                                    )
DAVITA VANCE-COOKS,                 )
                                    )
                Defendant.          )
                                    )
_____)

# MEMORANDUM OPINION

On September 17, 2012, Plaintiff Ronald S. Holston, Jr. ("Holston"), filed a complaint against Davita Vance-Cooks, Acting Public Printer of the United States Government Printing Office, alleging race discrimination and reprisal in violation of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-16. (Compl., ECF No. 1, ¶ 1.) As the deadline to complete discovery neared, Holston's attorney moved to withdraw as counsel. (Mot. to Withdraw, ECF No. 11.) On September 20, 2013, the Court granted Holston's attorney leave to withdraw from the case and noted that Holston had failed to object to the motion to withdraw within the time period set forth in the Local Rules. (Minute Order of Sept. 20, 2013.) Since that time, Holston has consistently ignored Court orders directing him to respond: first, he failed to respond to the Court's order of September 20, 2013, directing him to notify the Court whether he planned to obtain substitute counsel or conduct this case *pro se* (Minute Order of Oct. 9, 2013); second, he failed to show cause why this case should not be dismissed for want of prosecution or failure to comply with a court order (*see id.*). The Clerk's Office sent hard copies of

both minute orders to Holston. (*Id.*; Minute Order of Sept. 20, 2013.) Two weeks have passed since Holston's last deadline; nevertheless, he has offered no explanation for his failure to respond and has made no report of his efforts, if any, to obtain new counsel or to continue this action *pro se*.

"Courts have inherent power to manage their dockets efficiently[.]" *MBI Grp., Inc. v. Credit Foncier du Cameroun*, No. 07-0637, 2009 WL 8731182, at *1 (D.D.C. Mar. 23, 2009) (citing *Landis v. No. Am. Co.*, 299 U.S. 248, 254-55 (1936)). This includes power to "dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." *Angelino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012); *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (same); *Link v. Wabash R.R. Corp.*, 370 U.S. 626 (1961) (same). The court's authority to dismiss applies in equal force when the plaintiff is unrepresented by counsel and proceeding *pro se*. *See Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011) ("The court's authority to dismiss a case for failure to prosecute or failure to follow the court's order is not discarded simply because a plaintiff is proceeding *pro se*. To be clear, a plaintiff is obligated to prosecute his lawsuit in accordance with the Federal Rules of Civil Procedure and the local rules of this court." (citation omitted)).

The Court's October 9, 2013, order specifically notified Holston that the Court may dismiss the case *sua sponte* for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b); Holston failed to heed that warning. (Minute Order of Oct. 9, 2013 (citing *Jones v. Horne*, 634 F.3d 588, 603 (D.C. Cir. 2011).) In light of Holston's repeated failure to respond to the Court's orders or in any

way move forward on this case, the Court will dismiss the complaint in its entirety for failure to prosecute and failure to comply with the Court's orders. A separate order accompanies this memorandum opinion.

Date: November 5, 2013                    *Ketanji Brown Jackson*
                                          KETANJI BROWN JACKSON
                                          United States District Judge